# EXHIBIT A

# Court of Common Pleas
# Civil Cover Sheet

__Delaware County__ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: 11-6187 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking
- ☐ Notice of Appeal

**Lead Plaintiff's Name:** Marcia Garbutt, et al.

**Lead Defendant's Name:** Walmart Stores, Inc.

☐ Check here if you are a Self-Represented (Pro Se) Litigant

**Name of Plaintiff/Appellant's Attorney:** Regina M. Vogelsong

Are money damages requested?: ☒ Yes ☐ No

Dollar Amount Requested: (Check one) ___ within arbitration limits  X  outside arbitration limits

Is this a *Class Action Suit*? ☐ Yes ☒ No

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other _____

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

Pa.R.C.P. 205.5                                         2/2010

| | |
|---|---|
| **LOWENTHAL & ABRAMS, P.C.**<br>By:   Regina M. Vogelsong, Esquire<br>Identification No. 57673<br>555 City Line Avenue, Suite 500<br>Bala Cynwyd, PA  19004-1105<br>(610) 667-7511 | THIS IS NOT AN ARBITRATION MATTER<br>ASSESSMENT OF DAMAGES IS REQUIRED<br>JURY TRIAL DEMANDED<br><br>Attorneys for Plaintiff |

| | | |
|---|---|---|
| **MARCIA GARBUTT** and<br>**JAMIE R. LAUGHLIN, H/W**<br>1360 Edge Hill Road<br>Darby, PA  19023<br>                              *Plaintiffs*<br><br>          v.<br><br>**WAL-MART STORES, INC, d/b/a**<br>**WAL-MART**<br>702 SW 8th Street<br>Bentonville, AK  72716-8611<br>                              *Defendant* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>DELAWARE COUNTY<br><br><br><br>CIVIL ACTION<br><br>DOCKET NO. |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br>    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | Le han demandado a usted en la corte. Si usted desea defenderse contra las quejas presetadas, es absolutamente necesario que usted respondo dentro de 20 dias despues do ser servido con esta demanda y aviso. Para defenderse es necesario que usted, o su abogado, registre con las corte las quejas en esta demanda.<br>    Recuerde:  Si usted no responde a esta demanda, se pueda prosequir con el proceso sin su participacion. Entonces, la corte puede, sin notificario decidir a favor del demandante y requerira que usted cumpla con toda las provisiones de esta demanda. Por razon de esa decision, es possible que usted pueda perder dinero, propiedad o otros derechos importantes.<br>    LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO CONOCE A UN ABOGADO LLAME AL. |
| **LAWYER REFERRAL & INFORMATION SERVICE**<br>**Delaware County Bar Association**<br>**Front and Lemon Streets**<br>**Media, PA  19063**<br>**(610) 566-6627** | **LAWYER REFERENCE**<br>**& INFORMATION SERVICE**<br>**Delaware County Bar Association**<br>**Front and Lemon Streets**<br>**Media, PA  19063**<br>**(610) 566-6627** |

| | |
|---|---|
| **LOWENTHAL & ABRAMS, P.C.**<br>By:  Regina M. Vogelsong, Esq.<br>Lowenthal & Abrams, P.C.<br>Identification No.: 57673<br>555 City Line Avenue, Ste. 500<br>Bala Cynwyd, PA 19004 | THIS IS NOT AN ARBITRATION.<br>ASSESSMENT OF DAMAGES IS REQUIRED.<br>JURY TRIAL DEMANDED<br><br>*Attorneys for Plaintiffs* |

| | |
|---|---|
| **MARCIA GARBUTT** and<br>**JAMIE R. LAUGHLIN**, H/W<br>1360 Edge Hill Road<br>Darby, PA  19023<br>          *Plaintiffs*<br><br>    v.<br><br>WAL-MART STORES, INC, d/b/a<br>WAL-MART<br>702 SW 8th Street<br>Bentonville, AK 72716-8611<br>          *Defendant* | COURT OF COMMON PLEAS<br>DELAWARE COUNTY<br><br><br>CIVIL ACTION<br><br>DOCKET NO. |

Plaintiffs, by and through their undersigned counsel and in support of their Complaint, allege the following:

## COMPLAINT

1.  Plaintiffs, Marcia Garbutt and Jamie R. Laughlin are husband and wife adult individuals residing at the above-referenced address.

2.  Defendant Wal-Mart Stores, Inc., d/b/a Wal-Mart is a corporation with its principal headquarters located at the above address and which at all times relevant to this Complaint, including August 15, 2009, conducted regular business within Delaware County in the Commonwealth of Pennsylvania.

1

3. Upon information and belief, the Defendant conducted business on August 15, 2009 as Wal-Mart, and was responsible for the operation of the Wal-Mart store facility number 5495 located in Glenolden, Pennsylvania.

4. On or about August 15, 2009 Plaintiff Marcia Garbutt, was lawfully on the premise commonly known as "Wal-Mart" as a business invitee.

5. On or about August 15, 2009 while Plaintiff Marcia Garbutt was lawfully on the premises of the Wal-Mart store located in Glenolden, Pennsylvania she slipped and fell on a liquid substance on the tiled floor inside the Wal-Mart store near the jewelry counter of the store.

6. The defendant did so negligently and carelessly own, occupy, control, operate and/or fail to maintain the aforesaid premises so as to cause a dangerous condition to exist thereon.

7. As a direct and proximate result of the negligence of the Defendant, as aforesaid, Plaintiff Marcia Garbutt was caused to be injured and sustained serious and permanent personal injuries requiring the care and treatment of physicians and medication and has been and will in the future continue to be hampered in her daily routine.

WHEREFORE, Plaintiff Marcia Garbutt demands judgment against the Defendant in an amount of damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory damages, together with interest, costs, attorneys' fees and such other awards as the Court deems appropriate.

## COUNT I
## PLAINTIFF MARCIA GARBUTT v.
## DEFENDANT WAL-MART STORES, INC.
## NEGLIGENCE

8. Plaintiff incorporates by reference the allegations in paragraph 1 through 7 as though the same were fully set forth herein at length.

9. Defendant Wal-Mart Stores, Inc d/b/a Wal-Mart has a duty to business invitees and others lawfully on the premises to keep and maintain the premises in a reasonably safe condition for business invitees shopping for merchandise.

10. For some time prior to Plaintiff's injury, Defendant knew or should have known there was a slippery substance on the tiled floor near the jewelry counter where business invitees would be shopping.

11. Defendant breached its duty to Plaintiff by allowing and failing to correct the dangerous condition described herein.

12. The above-described accident was caused by the negligence and carelessness of the Defendant in that Defendant:

    a. Improperly and negligently allowed a slippery substance to remain on the tiled floor where business invitees walk to inspect the merchandise;

    b. Failed to correct and/or improve the afore-defined dangerous condition;

    c. Failed to adequately warn Plaintiff and other business invitees to avoid the slippery substance on the tiled floor near the jewelry section;

    d. Failed to provide a safe passageway for its business invitees;

    e. Failed to exercise due care in maintaining the premises in a reasonably safe condition;

      f.      Failed to reasonably, diligently, adequately and/or properly monitor, train and/or supervise their agents, servants and/or employees as to the safety policies and/or procedures for maintenance of the commercial building, including the tiled floor of the Wal-Mart store.

13.    The defendant failed to remedy the aforementioned dangerous condition on the premises on the day Plaintiff was injured.

14.    The above-described dangerous condition created a reasonable risk of injury to Plaintiff.

15.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries including but not limited to: fractured brachial head right upper extremity; right elbow and wrist strain and sprain; tendonitis right wrist; carpal tunnel syndrome right hand; dequervain's tenosynovitis of right hand; 3rd finger right hand sprain and other injuries to her nerves and nervous system, all of which may be permanent in nature.

16.    As a direct and proximate result of Defendant's negligence, Plaintiff has incurred and will in the future incur medical expenses for the diagnosis, treatment and rehabilitation for the injuries she sustained as a result of this accident.

17.    As a direct and proximate result of Defendant's negligence, Plaintiff has in the past suffered and will in the future continue to suffer great physical and emotional pain and suffering.

18.    As a direct and proximate result of Defendant's negligence, Plaintiff has in the past and will in the future suffer from the inability to live a normal life and enjoy life's pleasures, including but not limited to, an inability to attend to usual daily duties and activities.

4

WHEREFORE, Plaintiff Marcia Garbutt demands judgment against the Defendant in an amount of damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory damages, together with interest, costs, attorneys' fees and such other awards as the Court deems appropriate.

## COUNT II
### PLAINTIFF JAMIE R. LAUGHLIN v. DEFENDANT WALMART STORES, INC.
### LOSS OF CONSORTIUM

19. Plaintiff incorporates by reference the allegations in paragraph 1 through 18 as though the same were fully set forth herein at length.

20. Plaintiff Jamie R. Laughlin avers that as a direct and proximate result of Defendant's negligence and carelessness, he has been deprived of the companionship, society, services and consortium of his wife, Marcia Garbutt.

WHEREFORE, Plaintiff Jamie R. Laughlin demands judgment against the Defendant in an amount of damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory damages, together with interest, costs, attorneys' fees and such other awards as the Court deems appropriate.

Respectfully Submitted,

LOWENTHAL & ABRAMS, P.C.

By: *Regina M. Vogelsong*
REGINA M. VOGELSONG, ESQUIRE
Attorney For Plaintiffs

DATED: 8/11/11

5

## VERIFICATION

I, Marcia Garbutt, hereby verify that I am a plaintiff in the within Complaint and that the facts set forth in the foregoing Complaint are true and accurate to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 P.C.S.A. §4904, relating to unsworn falsification to authorities.

_____
Marcia Garbutt